IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| CHRIS KEVIN GEE | § | |
| TDCJ-CID NO. 01679578 | § | |
| v. | § | C.A. NO. C-12-409 |
| | § | |
| RICK THALER | § | |

## MEMORANDUM AND RECOMMENDATION TO TRANSFER HABEAS PETITION

Petitioner is a state prisoner currently incarcerated at the Garza East Unit in Beeville, Texas.  (D.E. 1).  On March 26, 2013, Petitioner filed this pro se habeas corpus petition pursuant to 28 U.S.C. § 2254 challenging his conviction.  For the reasons stated herein, it is respectfully recommended that this action be transferred to the Dallas Division of the Northern District of Texas.

### I.  BACKGROUND

On June 27, 1997, Petitioner was convicted of two counts of conspiracy to commit capital murder after a trial in the 249th Judicial District Court in Kerr County, Texas.  (D.E. 1, at 2); Gee v. State, No. WR-78,527-01, 2012 WL 5878107, at *1 (Tex. Crim. App. Nov. 21, 2012) (per curiam) (unpublished).  He received an eight-year sentence for each.  (D.E. 1, at 2); Gee, 2012 WL 5878107, at *1.

### II.  DISCUSSION

Jurisdiction over an action brought pursuant to 28 U.S.C. § 2254 is proper where an inmate is confined, or where the conviction was obtained.  28 U.S.C. § 2241(d); Wadsworth v. Johnson, 235 F.3d 959, 961-62 (5th Cir. 2002).  Within the context of § 2241(d), courts have traditionally held that the most appropriate venue for challenges to the legality of a conviction is in the district court for the district where the state conviction and sentence occurred, while

challenges to the implementation of the sentence, such as prison disciplinary matters, should be considered in the district court for the district where such person is in custody.  Story v. Collins, 920 F.2d 1247, 1250-51 (5th Cir. 1991).  The Fifth Circuit explained the basis for choice of venue as follows:

> Under 28 U.S.C. § 2241(d), state convicts may file federal habeas corpus petitions in the district either where they are confined or where they were convicted.  The purpose of this, of course, is to provide a more convenient forum for witnesses.... [S]ection 2241(d) primarily governs jurisdiction....  Section 2241(d) militates in favor of filing the applicant's petition in ... the division where the witnesses are located, rather than in ... the division in which the applicant is confined.

Mitchell v. Henderson, 432 F.2d 435, 436 (5th Cir. 1970) (citation omitted).

Petitioner's conviction is from Johnson County in the Northern District of Texas.  28 U.S.C. § 124(a)(1).  At the time that he filed this petition, he was incarcerated at the Garza East Unit in Beeville, Texas, (D.E. 1, at 1), which is in the Southern District of Texas.  28 U.S.C. § 124(b)(6) (Bee County).  A district court for the district wherein an application for habeas corpus has been filed may, in its discretion and in the furtherance of justice, transfer the petition to a more appropriate district for disposition.  See 28 U.S.C. § 2241(d).  In addition, the general rules governing transfer of venue articulated provide that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."  28 U.S.C. § 1404(a).  Should an evidentiary hearing ever be necessary in this case, the evidence and any witnesses concerning the Petitioner's criminal proceedings are more likely to be found in the county where his conviction was entered.

2

## III.  RECOMMENDATION

Based on the foregoing reasons, it is respectfully recommended that this petition for a

writ of habeas corpus be transferred to the Dallas Division of the Northern District of Texas.

Respectfully submitted this 17th day of April 2013.

_____
BRIAN  L. OWSLEY
UNITED STATES MAGISTRATE JUDGE

## NOTICE TO PARTIES

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel.  Within **FOURTEEN (14) DAYS** after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to 28 U.S.C. § 636(b)(1)(c); Rule 72(b) of the Federal Rules of Civil Procedure; Rule 8(b) of the Rules Governing § 2254 Cases; and Article IV, General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within FOURTEEN (14) DAYS after being served with a copy shall bar that party, except upon grounds of *plain error,* from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court.  Douglass v. United Servs. Auto. Ass'n, 79 F.3d 1415 (5th Cir. 1996) (en banc).